IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 08-168-1 |
| | ) | |
| MILTON LEWIS JACKSON III | ) | |

## MEMORANDUM AND ORDER OF COURT

Presently before the court is a motion for early termination of supervised release filed by Milton Lewis Jackson III ("defendant"), and the government's response in opposition thereto. For the following reasons, defendant's motion will be denied.

In April of 2008, defendant was one of fifteen individuals named in an indictment charging an international heroin distribution conspiracy. Defendant subsequently pled guilty to conspiracy to distribute and possess with intent to distribute heroin. Originally sentenced to a term of imprisonment of 120 months, to be followed be a term of supervised release of 5 years, his sentence later was reduced to a term of imprisonment of 60 months, to be followed by 3 years of supervised release. On September 9, 2014, defendant was released from incarceration and commenced his term of supervised release. To date, defendant has served almost one-half of the imposed 36-month term of supervision. He now seeks early termination of his supervised release term.

Pursuant to 18 U.S.C. §3583(e)(1), the court *may*, after considering the factors set forth in §3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if the court is satisfied that termination is warranted by the conduct of the defendant and the interest of justice.

◆AO 72
(Rev. 8/82)

Upon consideration of the factors set forth in §3553(a), the court finds that early termination of supervised release is not warranted in this case. In imposing defendant's particular sentence, the court considered the §3553(a) factors and arrived at a sentence which was sufficient, but not greater than necessary, to comply with the purposes of sentencing. The three-year term of supervised release imposed was designed to play an integral part in achieving those purposes and, in the court's view, early termination of supervised release after service of only one-half of the term imposed would result in a sentence that would not be sufficient to comply with the sentencing factors set forth in §3553(a), and would not serve the interest of justice.

In his motion, defendant advances two primary bases for early termination of supervision: that he has been compliant with the terms of supervised release to date and that he has been offered a job opportunity in Georgia as a commercial truck-driver, which he currently cannot accept due to the condition of his supervision that requires a 10-day notice for travel. The court has considered these reasons but finds that they do not change the court's determination that the full 3-year period of supervised release is appropriate in this case.

First, although defendant thus far has been compliant with the conditions of supervision imposed, mere compliance is not enough for the court to find that early termination of supervised release is warranted by defendant's conduct and in the interest of justice as required by 18 U.S.C. §3583(e)(1). The Third Circuit Court of Appeals has instructed that "early termination of supervised release . . . should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." United States v. Laine, 404 Fed. Appx. 571, 573-74 (3d Cir. 2010). As explained in Laine, "[s]imple compliance with the conditions of supervised release [is] expected and not exceptional . . . ." Id. at 574.

2

Here, defendant's compliance with the terms of supervised release is neither exceptional nor extraordinary because that is what is required and expected of all defendants. Accordingly, while defendant is to be commended for his compliance to date, as well as his thus-far successful efforts to better himself while on supervised release, the court believes that continued supervision is in the best interest of justice.

Nor does the court view defendant's job opportunity in Georgia as an extraordinary circumstance justifying early termination of supervised release. As the government aptly notes, defendant is free to request that the current 10-day notice requirement for travel be amended to include court permission to travel interstate on less than 24-hour's notice for the purpose of engaging in commercial truck driving. In addition, he also is free to request that his supervision be transferred to the Probation Office in the appropriate jurisdiction of Georgia, and there does not appear to be any impediment to such a transfer so long as defendant can verify a bona fide employment offer and a place to reside.

In sum, after considering the factors required by 18 U.S.C. §3553(a), the court does not believe that early termination of supervised release is warranted by defendant's conduct or the interest of justice. Rather, continued supervision is appropriate in accordance with the 3-year term of supervised release originally imposed.

ORDER OF COURT

AND NOW, this 29th day of February, 2016, upon due consideration of defendant's motion for early termination of supervised release (Document No. 840) and the government's response in opposition thereto (Document No. 842), and the court, after having considered the

3

factors set forth in 18 U.S.C. §3553(a), being satisfied that termination of supervised release at this time is not warranted either by the conduct of defendant or the interest of justice, IT IS ORDERED that defendant's motion be, and the same hereby is, **denied**.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Leo M. Dillon
Assistant U.S. Attorney

Milton Lewis Jackson III (*pro se*)

Mara Williams
United States Probation Officer

AO 72
(Rev. 8/82)